# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTHUR C.,[1] <br><br> Plaintiff, <br><br> v. <br><br> ANDREW M. SAUL,[2] <br> Commissioner of Social Security, <br><br> Defendant. | Case No. 5:18-cv-01948-MAA <br><br> **MEMORANDUM DECISION AND ORDER REVERSING DECISION OF THE COMMISSIONER AND REMANDING FOR FURTHER ADMINISTRATIVE PROCEEDINGS** |

On September 12, 2018, Plaintiff filed a Complaint seeking review of the Social Security Commissioner's final decision denying his application for Supplemental Security Income pursuant to Title XVI of the Social Security Act. This matter is fully briefed and ready for decision. For the reasons discussed below, the Commissioner's final decision is reversed, and this action is remanded for further administrative proceedings.

---

[1] Plaintiff's name is partially redacted in accordance with Federal Rule of Civil Procedure 5.2(c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

[2] The Commissioner of Social Security is substituted as the Defendant pursuant to Federal Rule of Civil Procedure 25(d).

# PROCEDURAL HISTORY

On March 4, 2013, an Administrative Law Judge ("prior ALJ") denied Plaintiff's disability claim by a written decision. (AR 151-61.) On September 12, 2014, the Appeals Council denied Plaintiff's request for review. (AR 166-70.) Plaintiff did not seek review in federal court of the prior ALJ's March 4, 2013 decision.

On October 3, 2014, Plaintiff protectively filed another application for Supplemental Security Income, which is the subject of this action. (Administrative Record [AR] 14, 288-94.) In this latest application, Plaintiff alleged disability beginning on October 3, 2014 (AR 87) due to depression, severe lower back pain, high blood pressure, pain in both feet, severe neck pain, severe hip pain, anxiety, sleep apnea, schizophrenia, bipolar disorder, anger outbursts, and trouble getting along with people (AR 171-72, 189-90).

After the application was denied initially and upon reconsideration, Plaintiff requested a hearing before an ALJ ("present ALJ" or "ALJ"). (AR 226-28.) At a hearing held on July 13, 2017, at which Plaintiff appeared with counsel, the ALJ heard testimony from Plaintiff and a vocational expert. (AR 80-98.)

In a decision issued on October 16, 2017, the ALJ denied Plaintiff's application. (AR 14-25.) As a preliminary matter, the ALJ found that the prior ALJ's decision on March 4, 2013 had created a rebuttal presumption of continuing non-disability and that Plaintiff had failed to rebut the presumption by showing changed circumstances. (AR 14.)

The ALJ then made the following findings pursuant to the Commissioner's five-step evaluation. Plaintiff had not engaged in substantial gainful activity since his application date of October 3, 2014. (AR 16.) He had severe impairments consisting of degenerative disc disease of the lumbar and cervical spine. (AR 17.) He did not have an impairment or combination of impairments that met or medically equaled the requirements of one of the impairments from the

Commissioner's Listing of Impairments. (AR 21.) He had a residual functional capacity to perform medium work. (*Id.*) He could no longer perform his past relevant work as a bus driver. (AR 23-24.) However, he could perform other work in the national economy, in the occupations of industrial cleaner, hand packager, and night cleaner. (AR 25.) Thus, the ALJ concluded that Plaintiff was not disabled as defined by the Social Security Act. (*Id.*)

On July 13, 2018, the Appeals Council denied Plaintiff's request for review. (AR 1-7.) Thus, ALJ's decision became the final decision of the Commissioner. Plaintiff timely filed this action on September 12, 2018. (ECF No. 1.)

## DISPUTED ISSUE

The parties raise the following disputed issue: whether the ALJ improperly rejected Plaintiff's testimony regarding pain and functional limitations. (ECF No. 24, Parties' Joint Stipulation ["Joint Stip."] at 2.)

## STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), the Court reviews the Commissioner's final decision to determine whether the Commissioner's findings are supported by substantial evidence and whether the proper legal standards were applied. *See Treichler v. Commissioner of Social Sec. Admin.*, 775 F.3d 1090, 1098 (9th Cir. 2014). Substantial evidence means "more than a mere scintilla" but less than a preponderance. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401. The Court must review the record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion. *Lingenfelter*, 504 F.3d at 1035. Where evidence is susceptible of more than one rational interpretation, the Commissioner's

interpretation must be upheld. *See Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007).

# DISCUSSION

## I. Disputed Issues.

### A. Presumption of Continuing Non-Disability.

As a preliminary issue, the parties disagree as to whether the ALJ correctly found that Plaintiff had failed to rebut the presumption of continuing nondisability arising from the prior ALJ's decision on March 4, 2013. (Joint Stip. at 6-7, 13; *see also* AR 14.)

A prior ALJ's decision that a claimant is not disabled creates a rebuttable presumption that a claimant continues to be able to work beyond the date of that decision. *See Chavez v. Bowen*, 844 F.2d 691, 693 (9th Cir. 1988). "This decision as of that date [is] entitled to *res judicata* effect." *Lyle v. Secretary of Health and Human Services*, 700 F.2d 566, 568 (9th Cir. 1983). The effective date of the decision is the date of the prior ALJ's decision, rather than the date on which the Appeals Council later denies review. *See Russell v. Bowen*, 856 F.2d 81, 83 (9th Cir. 1988).

"The claimant, in order to overcome the presumption of continuing nondisability arising from the first administrative law judge's findings of nondisability, must prove 'changed circumstances' indicating greater disability." *Chavez*, 844 F.2d at 693 (quoting *Taylor v. Heckler*, 765 F.2d 872, 875 (9th Cir. 1985)). Examples of changed circumstances include a change in the claimant's age category, an increase in the severity of the claimant's impairments, the alleged existence of an impairment that was not previously considered, or a change in the criteria for determining disability. *See* Acquiescence Ruling 97-4(9), 1997 WL 742758, at *3.

///

The relevant change in circumstances here involves Plaintiff's age category on the date of the prior ALJ's decision and on the date of his alleged disability when he later reapplied for benefits. "[A] change in the claimant's age category, as defined in the Medical-Vocational Guidelines, constitutes a changed circumstance that precludes the application of res judicata." *Lester v. Chater*, 81 F.3d 821, 827 (9th Cir. 1995). Plaintiff was born on November 30, 1963. (AR 171, 187, 189, 487, 494.) When the prior ALJ issued her decision on March 4, 2013, Plaintiff was 49 years old, placing him in the age category of a "younger person." *See* 20 C.F.R. § 416.963(c). But when Plaintiff later reapplied for benefits on October 3, 2014, alleging disability on the same date, Plaintiff was 50 years old, which changed his age category to that of a person "closely approaching advanced age." *See* 20 C.F.R. § 416.963(d). Indeed, the ALJ even acknowledged at the hearing that "there's been an age change" since the prior ALJ's decision. (AR 84.)

The change in age category was sufficient to rebut the *Chavez* presumption of continuing nondisability. *See Lester*, 81 F.3d at 828 (holding that res judicata did not apply where the claimant turned 50 years old after the date of the prior ALJ's decision); *Vasquez v. Astrue*, 572 F.3d 586, 597 (9th Cir. 2009) (same); *Oberg v. Astrue*, 472 F. App'x 488, 490 (9th Cir. 2012) (same); *see also Chavez*, 844 F.2d at 693 (same where the claimant turned 55 years old after the date of the prior ALJ's decision, thus changing his age category to "advanced age"); *Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989) ("[I]t is significant that the claimant turned 55 prior to the present benefits application. Her attainment of advanced age constitutes a changed circumstance precluding the application of res judicata to the first administrative law judge's ultimate finding against disability.") Thus, the ALJ erred in finding that the *Chavez* presumption continued to apply

The remaining question is whether the error was harmless. An error in a Social Security proceeding is harmless when "it is inconsequential to the ultimate nondisability determination." *See Brown-Hunter v. Colvin*, 806 F.3d 487, 492 (9th

Cir. 2015). In the specific context here, an ALJ's misapplication of the *Chavez* presumption would be harmless error if the ALJ otherwise makes an independent finding of nondisability for the current period that is supported by substantial evidence and free of legal error. *See Plummer v. Berryhill*, 747 F. App'x 631, 632 (9th Cir. 2019) (holding that an ALJ's misapplication of the *Chavez* presumption was harmless error where the ALJ otherwise "conducted a thorough review of the medical records and testimony to make an independent nondisability finding"); *Cha Yang v. Commissioner of Social Sec. Admin.*, 488 F. App'x 203, 204 (9th Cir. 2012) (same where the ALJ otherwise reformulated the claimant's residual functional capacity by weighing the medical evidence). Thus, the error here would be harmless if the present ALJ's decision, for the period of alleged disability beginning on October 3, 2014, is otherwise supported by substantial evidence and free of legal error. Here, Plaintiff's sole challenge to the present ALJ's decision involves the assessment of Plaintiff's subjective symptom testimony, which is discussed below.

### B. Plaintiff's Subjective Symptom Testimony.
#### 1. Legal Standard.

An ALJ must make two findings in assessing a claimant's pain or symptom allegations. Social Security Ruling ("SSR") 16-3P, 2017 WL 5180304, at *3; *Treichler*, 775 F.3d at 1102. "First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged." *Treichler*, 775 F.3d at 1102 (citation omitted). "Second, if the claimant has produced that evidence, and the ALJ has not determined that the claimant is malingering, the ALJ must provide specific, clear and convincing reasons for rejecting the claimant's testimony regarding the severity of the claimant's symptoms" and those reasons
///

must be supported by substantial evidence in the record. *Id.*; *see also Marsh v. Colvin*, 792 F.3d 1170, 1174 n.2 (9th Cir. 2015).

"A finding that a claimant's testimony is not credible 'must be sufficiently specific to allow a reviewing court to conclude the adjudicator rejected the claimant's testimony on permissible grounds and did not arbitrarily discredit a claimant's testimony regarding pain.'" *Brown-Hunter v. Colvin*, 806 F.3d 487, 493 (9th Cir. 2015) (quoting *Bunnell v. Sullivan*, 947 F.2d 341, 345-46 (9th Cir. 1991) (*en banc*)).

Beginning on March 28, 2016, SSR 16-3P rescinded and superseded the Commissioner's prior rulings as to how the Commissioner will evaluate a claimant's statements regarding the intensity, persistence, and limiting effects of symptoms in disability claims. *See* SSR 16-3P, 2017 WL 5180304, at *1. Because the ALJ's decision in this case was issued on October 16, 2017, it is governed by SSR 16-3P. *See id.* at *13 and n.27. In pertinent part, SSR 16-3P eliminated the use of the term "credibility" and clarified that the Commissioner's subjective symptom evaluation "is not an examination of an individual's character." SSR 16-3P, 2017 WL 5180304, at *2; *see also Trevizo v. Berryhill*, 871 F.3d 664, 678 n.5 (9th Cir. 2017). These changes are largely stylistic and are consistent in substance with Ninth Circuit precedent that existed before the effective date of SSR16-3P. *See Trevizo*, 871 F.3d at 678 n.5.

### 2. Background.

Plaintiff testified about his medical condition as follows:

He cannot work because of back pain that does not respond to treatment. (AR 87.) He dislocated his shoulder during a fall, and his leg "goes out at any time." (AR 88.) He also has problems with concentration and memory. (*Id.*)

///

///

7

On a typical day, Plaintiff wakes up and then goes back to sleep. (AR 88.) Eventually, he brushes his teeth and prepares a meal in the microwave. (*Id.*) He does light chores and avoids lifting anything that is heavy. (AR 89.)

His current medications for back pain do not work, and past treatments such as Vicodin and steroid shots worked only temporarily. (AR 89-90.) His hands have become brittle from medication, so he can lift only five pounds. (AR 91.) He has used a cane for three or four years. (*Id.*)

In addition to testifying at the hearing, Plaintiff completed a written Function Report about his condition. (AR 333-41.) In pertinent part, Plaintiff wrote that his treatment consisted of Hydrocodone, Gabapentin, Diazepam, Sertraline, Naproxen, Alprazolam, Omeprazole, and steroid injections. (AR 340.) The record further shows that Plaintiff's treatment also included a Toradol injection (AR 560), radiofrequency ablation (AR 660), and medial branch blocks (AR 666).

### 3. Analysis.

The ALJ first found that that Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms. (AR 22.) However, the ALJ next found that Plaintiff's statements concerning the intensity, persistence, and limiting effects of these symptoms were not entirely consistent with the medical evidence and other evidence in the record. (*Id.*) As support, the ALJ stated two reasons. (AR 22-23.) The Court will address the second reason first.

### a. conservative treatment.

The ALJ discounted Plaintiff's allegations because his "treatment has continued to be largely routine and conservative." (AR 22-23.) "[E]vidence of 'conservative treatment' is sufficient to discount a claimant's testimony regarding severity of an impairment." *Parra v. Astrue*, 481 F.3d 742, 751 (9th Cir. 2007) (citing *Johnson v. Shalala*, 60 F.3d 1428, 1434 (9th Cir. 1995)); *see also*

*Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008 (holding that a claimant's favorable response to conservative treatment permitted an inference that the pain was "not as all-disabling as he reported").

      The ALJ supported this reason with examples of Plaintiff's treatment for back pain: pain medication, Toradol injections, epidural steroid injections, medial branch blocks, and radiofrequency ablation. (AR 23.) However, numerous courts have rejected characterizations of these types of treatment as conservative. *See Huber v. Berryhill*, 732 F. App'x 451, 456-57 (7th Cir. 2018) (finding "misguided" an ALJ's characterization of a claimant's treatment as conservative where it included radiofrequency ablation); *Childers v. Berryhill*, 2019 WL 1474030, at *9 (D. Nev. Mar. 12, 2019) (rejecting an ALJ's characterization of treatment as conservative where it included narcotics and steroid lumbar injections, and collecting similar cases); *Douglas K.T. v. Berryhill*, 2019 WL 1670941, at *9 (C.D. Cal. Apr. 17, 2019) (refusing to characterize prescription pain medication and epidural steroid injections as routine or conservative, and collecting similar cases); *Martinez v. Berryhill*, 2018 WL 1415163, at *8 (C.D. Cal. Mar. 20, 2018) (rejecting an ALJ's characterization of radiofrequency ablation as conservative); *Pontzious v. Berryhill*, 2017 WL 6276371, at *7 (D. Az. Dec. 11, 2017) ("[E]pidural injections and medial branch blocks are not conservative treatment.") (citing *Garrison v. Colvin*, 759 F.3d 995, 1015 n.20 (9th Cir. 2014) ("[W]e doubt that epidural steroid shots to the neck and lower back qualify as 'conservative' medical treatment.")); *Bradley v. Commissioner of Social Security*, 2016 WL 1047015, at *4 (E.D. Cal. Mar. 16, 2016) (finding that multiple epidural/branch block injections, along with narcotic pain medications, were not conservative treatments); *Kephart v. Colvin*, 2014 WL 2557676, at *5 (C.D. Cal. June 6, 2014) ("The court agrees with plaintiff that Toradol injections and medial branch block treatment would not be considered conservative treatments.") (citing *Christie v. Astrue*, 2011 WL 4368189, at *4 (C.D. Cal. Sept. 16, 2011) (refusing to categorize trigger point injections, epidural shots,

and narcotic pain medication as conservative treatments)); *Green v. Astrue*, 2012 WL 6574762, at *5 (D. Az. Dec. 17, 2012) (rejecting an ALJ's characterization of treatment as conservative where it included medial branch blocks and steroid injections); *see also Padilla v. Commissioner of Social Security Administration*, 2018 WL 4770807, at *7 (D. Az. Oct. 3, 2018) (finding unjustified, under the more deferential "specific and legitimate" standard, an ALJ's characterization of treatment as conservative where it included epidural steroid injections, medial branch blocks, radiofrequency ablation, and pain medication). The Court likewise finds that the ALJ's characterization of Plaintiff's treatment as conservative was not a clear and convincing reason.

The ALJ further supported his characterization of Plaintiff's treatment as conservative by noting treatment that was not received: Plaintiff had not been recommended surgery or other aggressive treatment, he had visited the emergency room not primarily for an emergency condition but rather because he was out of his prescribed medication, and he had not been admitted to the hospital overnight. (AR 23.) But these facts also fail to establish clearly and convincingly that Plaintiff's treatment was conservative.

In the first place, the absence of a surgery recommendation is not dispositive of whether treatment is conservative. *See Huber*, 732 F. App'x at 456 ("The absence of recommendations for back surgery or narcotics does not suggest that [claimant's] treatment was necessarily conservative."); *Hunter v. Berryhill*, 2018 WL 4026995, at *15 (C.D. Cal. Aug. 21, 2018) (rejecting characterization of a claimant's treatment as conservative even though the treating physician had failed to recommend back surgery); *Yang v. Barnhart*, 2006 WL 3694857, at *4 (C.D. Cal. Dec. 12, 2006) (same). Moreover, although the record does contain evidence that Plaintiff visited the emergency room to refill his medication (AR 710), it also shows that he visited the emergency room for acute back pain (AR 525, 675, 681-82, 700-01). Finally, the absence of evidence of hospitalization is insufficient here

to discredit Plaintiff's testimony about his back pain. *See Jordan v. Astrue*, 262 F. App'x 843, 845 (9th Cir. 2008) ("The fact that [the claimant] never required hospitalization [for his back pain] or 'intensive treatment with pain medication,' or that he may have rejected certain kinds of treatment, are not, on their own, convincing reasons for disregarding his pain testimony.").[3] Thus, this was not a clear and convincing reason based on substantial evidence in the record to discount Plaintiff's subjective symptom testimony.

### b. inconsistency with objective medical findings.

The ALJ's sole remaining reason to discount Plaintiff's allegations was that his "medical history is not fully consistent with the alleged intensity, persistence, and limiting effects of his symptoms." (AR 22.) As examples, the ALJ cited objective medical findings from Plaintiff's imaging tests and physical examinations. (*Id.*)

Even if the record fully supports this reason, it still would be legally insufficient because it is the sole remaining reason for the ALJ's assessment of Plaintiff's allegations. *See Robbins v. Social Sec. Admin.*, 466 F.3d 880, 884 (9th Cir. 2006) (finding insufficient an ALJ's sole remaining rationale that the claimant's testimony was "not consistent with or supported by the overall medical evidence of record"); SSR 16-3P, 2017 WL 5180304, at *5 ("[W]e will not disregard an individual's statements about the intensity, persistence, and limiting effects of symptoms solely because the objective medical evidence does not \
///

---

[3] The absence of evidence of a hospitalization can be a clear and convincing reason in other contexts. *See Fair v. Bowen*, 885 F.2d 597, 604 (9th Cir. 1989) (finding the absence of a hospitalization convincing where, *inter alia*, the claimant also had not received physical therapy for two years and had otherwise received conservative treatment). *Fair* does not control the outcome here because the facts are dissimilar: Plaintiff has not had a significant gap in treatment or therapy since his alleged onset date, and his treatment cannot be fairly characterized as conservative for the reasons discussed above.

substantiate the degree of impairment-related symptoms alleged by the individual."). Thus, the ALJ's assessment cannot be upheld on this basis.

### C. Conclusion.

The *Chavez* presumption of continuing disability was rebutted because of a legally significant change in Plaintiff's age category after the prior ALJ's decision. The error in continuing to apply the presumption was not harmless because the assessment of Plaintiff's subjective symptom testimony otherwise was not supported by clear and convincing reasons based on substantial evidence. Thus, reversal is warranted.

## II. Remand for Further Administrative Proceedings.

Ninth Circuit case law "precludes a district court from remanding a case for an award of benefits unless certain prerequisites are met." *Dominguez v. Colvin*, 808 F.3d 403, 407 (9th Cir. 2015) (citations omitted). "The district court must first determine that the ALJ made a legal error, such as failing to provide legally sufficient reasons for rejecting evidence." *Id.* "If the court finds such an error, it must next review the record as a whole and determine whether it is fully developed, is free from conflicts and ambiguities, and all essential factual issues have been resolved." *Id.* (citation and internal quotation marks omitted).

Although the Court has found legal error and an absence of substantial evidence, essential factual issues remain outstanding. The record raises factual conflicts about Plaintiff's level of functioning that "should be resolved through further proceedings on an open record before a proper disability determination can be made by the ALJ in the first instance." *See Brown-Hunter v. Colvin*, 806 F.3d 487, 496 (9th Cir. 2015); *see also Treichler*, 775 F.3d at 1101 (stating that remand for an award of benefits is inappropriate where "there is conflicting evidence, and not all essential factual issues have been resolved") (citation omitted); *Strauss v.*

*Commissioner of the Social Sec. Admin.*, 635 F.3d 1135, 1138 (9th Cir. 2011) (same where the existing record does not clearly demonstrate that the claimant is disabled within the meaning of the Social Security Act).

Therefore, based on its review and consideration of the entire record, the Court has concluded on balance that a remand for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g) is warranted here. It is not the Court's intent to limit the scope of the remand.

## ORDER

It is ordered that Judgment be entered reversing the decision of the Commissioner of Social Security and remanding this matter for further administrative proceedings.

DATED: October 23, 2019

_____
MARIA A. AUDERO
UNITED STATES MAGISTRATE JUDGE